McKinney, J.,
delivered the opinion of the Court.
This was an action of slander, brought by Williams against McAnally, in the Circuit Court of Grainger. The charge, in substance, is that the plaintiff, Williams, while acting in the capacity of a grand juror at the April Term, 1852, of the Circuit Court of Grain-ger, “ had forsworn himself,” in failing or refusing to make a presentment against one Reddick, for illegal voting, of which Williams had personal knowledge.
It appears that the words were spoken during the term of the Court above-mentioned, in the County Court Clerk’s office, and on the day previous to the discharge of the grand jury. It likewise appears, that a presentment was made against Reddick on the same day the grand jury was discharged, but at the instance of a different member of the body.
The jury were instructed, that words imputing cor-X’uption to a grand juror, “ in his official capacity,” would be actionable. A verdict was found for the plaintiff, assessing damages at $>250.00, for which judgment was rendered. To reverse this judgment, an appeal in error has been prosecuted to this Court.
The only question arises upon the instruction of the Court, that the words were actionable.
*28 The rule seems to be well supported by authority, that words, to be actionable in themselves, must contain a distinct imputation of some crime or misdemeanor which, by law, is indictable. Upon this principle it has been repeatedly held, that, to accuse another of having forsworn himself, is not actionable, unless it appear from the accompanying circumstances to have been meant and understood of such a forswearing as would constitute the offence of perjury. 1 Stark, on Slander, 76.
Applying the principle to, the case before us, we think the instruction of the Court is erroneous, because the words do not impute an indictable offence.
It is true, that the oath of a grand juror imposes upon him an obligation to make presentment of all such criminal offences within his knowledge, ás are cognizable by the Court. The neglect or refusal to do so, is highly immoral and censurable; but we are not aware of any principle or authority upon which it can be held to constitute legal perjury. The present action cannot, therefore, be maintained upon the assumption that the words import a charge of felony. Nor can we concur with the counsel for the defendant in error, that the action is maintainable upon the ground that the words impute a high misdemeanor. It has been recently held by this Court, vid. 2 Sneed’s R,., 473, that words imputing a high misdemeanor, involving moral turpitude, and subjecting the party to an indictment, are, in themselves, actionable. But no authority, has been adduced to establish that the failure or refusal of a grand juror to present an offence within his knowledge, is an indictable offence.
*29 As well might a petit juror be considered guilty of an indictable misdemeanor for refusing to find a verdict in a case clear upon the law and evidence; or for finding a false verdict, in violation of the obligation of his oath to render a true verdict, &c. But, even in England, we are not aware that it ever was held that this might be done. Formerly, in that country, for a false verdict, the jury was subject to an attaint. But this proceeding, as also the practice of punishing jurors at the discretion of the Court, has long since fallen into disuse; and never was adopted in this State.
It follows, in this view, that the judgment is erroneous, and it will be reversed.